IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GREATER KANSAS CITY LABORERS PENSION FUND, a Trust Fund, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 06-0691-CV-W-HFS |
| PROGRESSIVE CONSTRUCTION SYSTEMS, INC., | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

Before the court are plaintiffs' motion for entry of default and motion for default judgment. Plaintiffs filed their complaint on August 21, 2006 and served defendant's registered agent on August 25, 2006. Defendant's answer was due by September 12, 2006, but defendant has not filed an answer or other appropriate motion. Similarly, defendant failed to respond to plaintiffs' motions for entry of default and for default judgment. On October 16, 2006, the court ordered defendant to show cause in writing why a default judgment should not be entered against it. Defendant's response to the show cause order was due by October 31, 2006, but again no response was filed.[1] Therefore, plaintiffs' motions for entry of default and for default judgment will be granted

Accordingly, it is hereby

---

[1] The clerk's office sent copies of the show cause order, via regular and certified mail, return receipt requested, to defendant's registered agent: David J. Campbell, Registered Agent of Progressive Construction Systems, Inc., 3710 Robinson Pike Road, Grandview, Missouri 64030. The court's records reflect that the certified mail return receipt was signed on October 26, 2006. Therefore, the court is satisfied that defendant had actual notice that failure to respond to the show cause order would result in a default judgment against it.

ORDERED that plaintiffs' motion for entry of default (ECF doc. 7) is GRANTED. Defendant Progressive Construction Systems, Inc. is hereby declared in default. It is further

ORDERED that plaintiffs' motion for default judgment (ECF doc. 5) is GRANTED. Judgment by default is hereby entered against defendant, Progressive Construction Systems, Inc., and in favor of plaintiffs, Greater Kansas City Laborers Pension Fund, Greater Kansas City Laborers Welfare Fund, Greater Kansas City Laborers Vacation Plan and Greater Kansas City Laborers Training Fund, and their respective Trustees, for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. It is further

ORDERED that, as to Count I:

1. That the plaintiff, Greater Kansas City Laborers Pension Fund, have and recover of and from the defendant, the sum of One Thousand One Hundred Thirty-Seven and 35/100 ($1,137.35) Dollars as and for delinquent contributions for the period January 1, 2004, through December 31, 2005; Two Hundred Twenty-Four and 45/100 ($224.45) Dollars representing liquidated damages on the unpaid contributions; Eighty-Four and 13/100 ($84.13) Dollars representing interest on the unpaid contributions; One Thousand Two Hundred Nineteen and 46/100 ($1,219.46) Dollars representing reasonable attorneys' fees; Nine Thousand Four Hundred Fifty-one and 31/100 ($9,451.31) Dollars representing audit costs, for a total of **Twelve Thousand One Hundred Sixteen and 70/100 ($12,116.70) Dollars**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of

2

employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period January 1, 2006, to date.

3. That the plaintiff, Greater Kansas City Laborers Pension Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from January 1, 2006, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Greater Kansas City Laborers Pension Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059. It is further

ORDERED that, as to Count II:

1. That the plaintiff, Greater Kansas City Laborers Welfare Fund, have and recover of and from the defendant, the sum of One Thousand Three Hundred Six and 20/100 ($1,306.20) Dollars as and for delinquent contributions for the period January 1, 2004, through December 31, 2005; Two Hundred Fifty-Seven and 76/100 ($257.76) Dollars representing liquidated damages on the unpaid contributions; Ninety-Six and 49/100 ($96.49) Dollars representing interest on the unpaid contributions; One Thousand Two Hundred Nineteen and 46/100 ($1,219.46) Dollars representing reasonable attorneys' fees; Nine Thousand Four Hundred Fifty-One and 31/100 ($9,451.31) Dollars representing audit costs, for a total of **Twelve Thousand Three Hundred Thirty-One and 22/100 ($12,331.22)** Dollars; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period January 1, 2006, to date.

3. That the plaintiff, Greater Kansas City Laborers Welfare Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from January 1, 2006, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed

4

and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Greater Kansas City Laborers Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059. It is further

ORDERED that, as to Count III:

1. That the plaintiff, Greater Kansas City Laborers Vacation Plan, have and recover of and from the defendant, the sum of Four Hundred Thirty-One and 60/100 ($431.60) Dollars as and for delinquent contributions for the period January 1, 2004, through December 31, 2005; Eighty-Five and 22/100 ($85.22) Dollars representing liquidated damages on the unpaid contributions; Thirty-Two and 20/100 ($32.20) Dollars representing interest on the unpaid contributions; Fifty-One and 35/100 ($51.35) Dollars representing reasonable attorneys' fees; Three Hundred Ninety-Seven and 95/100 ($397.95) Dollars representing audit costs, for a <u>total</u> of **Nine Hundred Ninety-Eight and 32/100 ($998.32) Dollars**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period January 1, 2006, to date.

3. That the plaintiff, Greater Kansas City Laborers Vacation Plan, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from January 1, 2006, to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Greater Kansas City Laborers Vacation Plan on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6

Case 4:06-cv-00691-HFS   Document 12   Filed 05/15/07   Page 6 of 8

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059. It is further

ORDERED that, as to Count IV:

1. That the plaintiff, Greater Kansas City Laborers Training Fund, have and recover of and from the defendant, the sum of One Hundred Forty-Nine and 40/100 ($149.40) Dollars as and for delinquent contributions for the period January 1, 2004, through December 31, 2005; Twenty-Nine and 50/100 ($29.50) Dollars representing liquidated damages on the unpaid contributions; Eleven and 15/100 ($11.15) Dollars representing interest on the unpaid contributions; Seventy-Seven and 02/100 ($77.02) Dollars representing reasonable attorneys' fees; Five Hundred Ninety-Six and 93/100 ($596.93) Dollars representing audit costs, for a total of **Eight Hundred Sixty-Four and 00/100 ($864.00) Dollars**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period January 1, 2006, to date.

3. That the plaintiff, Greater Kansas City Laborers Training Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from January 1, 2006, to date times the hourly amounts due under said agreements and that the assessment

7

of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

  4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Greater Kansas City Laborers Training Fund on behalf of employees working under the collective bargaining agreements.

  5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

  6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059. It is further

  ORDERED that the clerk of the court shall send a copy of this order by regular and certified mail, return receipt requested, to: David J. Campbell, Registered Agent of Progressive Construction Systems, Inc., 3710 Robinson Pike Road, Grandview, Missouri 64030.

           /s/ Howard F. Sachs
           HOWARD F. SACHS
           UNITED STATES DISTRICT JUDGE

May __15__, 2007

Kansas City, Missouri